Royal W. Craig
rwcraig@ober.com
**OBER KALER**
100 Light Street
Baltimore, Maryland 21202
Telephone:  (410) 685-1120
Facsimile:  (410) 547-0699

Jeffrey G. Sheldon (SBN 67516)
jsheldon@leechtishman.com
Douglas H. Morseburg (SBN 126205)
dmorseburg@leechtishman.com
**LEECH TISHMAN FUSCALDO & LAMPL**
100 Corson Street, Third Floor
Pasadena, California  91103-3842
Telephone:  (626) 796-4000
Facsimile:   (626) 795-6321

Attorneys for Plaintiff
Capital Funding Group, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CAPITAL FUNDING GROUP, INC., a Maryland corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL FUNDING GROUP, INC., a California corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-06710<br><br>**COMPLAINT FOR:**<br><br>  **1) FEDERAL TRADEMARK**<br>     **INFRINGEMENT;**<br>  **2) UNFAIR COMPETITION;**<br><br>**REQUEST FOR JURY TRIAL** |

Plaintiff, Capital Funding Group ("CFG" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant Continental Funding Group, Inc. ("Continental" or "Defendant"), and states as follows:

## NATURE OF THE ACTION

1.    This is an action for federal trademark infringement and unfair competition on the part of Defendant in violation of Sections 32 and 43(a) of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), respectively, and Plaintiff's common law rights.  Plaintiff seeks injunctive relief as well as other equitable relief and compensatory and punitive damages arising from Defendant's willful, unlawful, intentional, unfair, and misleading conduct.

## PARTIES

2.    Plaintiff is a Maryland corporation with its principal place of business at 1422 Clarkview Road, Baltimore, MD 21209.

3.    Defendant is a California corporation with, on information and belief, its principal place of business at 8201 Beverly Boulevard, Suite 302, Los Angeles, CA 90048.  Defendant may be served with process through its registered agent, Mitchel Paskover, 8201 Beverly Boulevard, Suite 302, Los Angeles, CA 90048.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1367, 1331 and 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in that this action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5.    This Court also has subject matter jurisdiction over the common law claims of unfair competition averred herein pursuant to the provisions of 28 U.S.C. §

1338(b) in that the claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1125(b).

6.     This Court has personal jurisdiction over Defendant because it is a California corporation that has committed the alleged acts of trademark infringement and unfair competition within this forum, and has established minimum contacts with the forum by purposely availing itself of the laws and benefits of the forum, and because the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant has conducted and is conducting business and has committed and is committing acts herein complained of in this judicial district. Defendant is subject to personal jurisdiction in this judicial district at the time of commencing this action.

## FACTS COMMON TO ALL COUNTS

8.     Founded in 1993, CFG is a national financial services provider with specific expertise related to multifamily properties and healthcare facilities.  Among other services, CFG offers bridge loans, HUD loans, working capital lending, mezzanine / cash flow financing, purchase / leaseback arrangements, group purchasing, spend management services, loan management services, commercial banking services, and investment advisory services to clients across the United States, including California.  CFG is a leading originator of HUD-insured healthcare loans, and services some of the first and largest HUD portfolios ever approved.

9.     For over two decades, CFG has continuously operated and advertised its services nationally under the acronym CFG, and is the owner of several U.S. Trademark Registrations including the term CFG, including: (1) U.S. Trademark Registration No. 3,983,195 ("the '195 Registration") for the mark CFG used in association with "[c]ommercial lending of capital to buyers, developers, owners and

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

operators of skilled-nursing facilities, assisted-living facilities, acute-care hospitals and commercial healthcare properties"; (2) U.S. Trademark Registration No. 4,102,791 ("the '791 Registration") for the mark CFG (plus design) used in association with "[b]anking services"; (3) U.S. Trademark Registration No. 4,333,206 for the mark CFG CAPITAL FUNDING GROUP, INC. A FULL SERVICE HEALTH CARE FINANCE COMPANY (plus design) used in association with "[c]ommercial lending services in the field of healthcare"; and (4) U.S. Trademark Registration No. 4,096,584 for the mark CFG COMMUNITY BANK used in association with "[b]anking services" (collectively, the "CFG Marks").  Copies of the USPTO's Trademark Electronic Search System (TESS) records pertaining to each of the CFG Marks are attached hereto as Exhibits A-D. CFG has continuously used CFG in association with its commercial lending services since 1993.

10.    CFG promotes and markets its services through print advertisements, trade press, and electronic media, such as via CFG's website at http://www.capfundinc.com/.

11.    Defendant Continental is also a financial services firm that offers many of the same services offered by CFG under its CFG Marks.  Via its Internet website, http://www.contifunding.com/ ("Continental's Website"), Continental advertises its services in offering "all major loan types: fixed-rate, floating-rate, mezzanine, bridge and construction financing."  In addition, Continental's Website specifically touts Continental's experience with financing for "Multifamily" and "Healthcare" facilities (http://www.contifunding.com/capabilities/).  Continental's Website also advertises Continental's fee-based financial advisory services (http://www.contifunding.com/about/).

12.    Continental's Website indicates that Continental was founded in 2006.

13.    Continental's Website prominently features the letters "CFG" in advertising for its lending and financial advisory services.  Upon information and

belief, Continental recently altered its branding strategy to introduce advertisements prominently featuring the letters "CFG" while minimizing the advertising prominence of its full name, Continental Funding Group.  Continental's full name, "Continental Funding Group" appears in fine print below the large and bold letters "CFG" on the top left corner of each page and sub-page of Continental's Website, as illustrated below and in the attached Exhibit E:



14.     In addition, Continental refers to itself as "CFG" in describing its various financial services, many of which overlap exactly with the services offered by CFG under the CFG Marks.

15.     Upon information and belief, Continental uses the letters "CFG" prominently throughout Continental's marketing and advertising materials for financial and lending services.  For example, Continental sends out email blasts prominently referring to itself as "CFG" in advertising for its lending and financial advisory services.  Continental's full name does not appear anywhere as illustrated in the attached Exhibit F:

16.     The services for which Continental advertises using the letters "CFG" are substantially identical to the services that CFG offers under the CFG Marks and the services listed in the recitations of services in the federal trademark registrations for the CFG Marks.

17.     On information and belief, Continental's services are offered and sold to the same classes of potential purchasers and through the same channels of interstate commerce as CFG's services.

18.     Since 1993, CFG has spent considerable sums on advertising and promoting its financial and lending services under the CFG Marks.  Due to CFG's

long and continuous history of advertising and providing its services under the CFG Marks, the CFG Marks, including the mark CFG covered by the '195 Registration, have acquired significant recognition across the United States in connection with CFG's lending and financial services.

19.    CFG's skill and expertise in the fields of financing, lending, loan servicing, investing, and advisory services, developed by CFG over more than two decades of operation in the financial services industry, have caused the CFG Marks to become known nationwide as a designation of the high quality services offered by CFG under the CFG Marks.

20.    CFG's sales of financial, advisory and lending services under the CFG Marks have since 1993 and continue to represent a significant source of income for CFG.

21.    As a result of CFG's expertise in the financial services industry and extensive advertising of its services under the CFG Marks, consumers and potential consumers have come to know, rely upon, and associate the CFG Marks as an indicator of source, sponsorship or approval for goods and services that are offered and sold by CFG.

22.    CFG has given written notice to Continental of its trademark rights in the CFG Marks as illustrated below and in the attached Exhibit G.  Plaintiffs have requested that Continental cease and desist the use of the term CFG in connection with Continental's advertising, sale, or offering for sale of any capital lending or ancillary services, but Continental has not complied with CFG's requests.

23.    Continental's use of the term "CFG" in its advertising in connection with the marketing, sale, offering for sale, distribution, and advertising of competing products and services relating to capital lending and ancillary services creates a likelihood of confusion as to source, affiliation, sponsorship, or approval of Continental's services or commercial activities by CFG.  This dilutes the goodwill and erodes the market share earned by CFG through CFG's consistent and longtime

advertising and sale of quality financial services under the CFG Marks and poses a likelihood of harm to CFG.

24.     CFG has a large and loyal customer base, and Continental's use of the term "CFG" in its advertising in connection with the marketing, sale, offering for sale, distribution, and advertising of competing products and services relating to capital lending and ancillary services has created instances of actual confusion as to source, affiliation, sponsorship, or approval of Continental's services or commercial activities by CFG.

25.     Continental's use of the letters "CFG" in the advertising and sale of its financial services has been and continues to be unauthorized.

26.     CFG will be and/or has been irreparably harmed by Continental's continued trademark infringement and unfair competitive conduct as described herein, for which there is no adequate remedy at law.  Unless Continental's unlawful conduct is restrained by the Court, such unlawful conduct and the harm that it is causing to CFG will continue.

## **FIRST CAUSE OF ACTION**

### **(Federal Trademark Infringement – 15 U.S.C. § 1114)**

27.     CFG incorporates by reference each and every allegation set forth in the preceding paragraphs as if the same were fully set forth herein.

28.     Continental currently uses, and has in the past used, in commerce, including but not limited to use on Continental's Website, the term "CFG" as a trademark designation to indicate the source of the capital lending and ancillary services provided by Continental.

29.     The term "CFG" as used in commerce by Continental is identical to the mark covered by CFG's '195 Registration for CFG.

30.     The term "CFG" as used in commerce by Continental is substantially identical to the mark covered by CFG's '791 Registration for CFG (plus design).

31.     Continental uses the term "CFG" in commerce in connection with the sale, offering for sale, distribution or advertising of capital lending and ancillary services that are substantially identical to the services recited in CFG's '195 Registration, namely: "[c]ommercial lending of capital to buyers, developers, owners and operators of skilled-nursing facilities, assisted-living facilities, acute-care hospitals and commercial healthcare properties."

32.     Continental uses the term "CFG" in commerce in connection with the sale, offering for sale, distribution or advertising of capital lending and ancillary services that are substantially identical to the services recited in CFG's '791 Registration, namely: "[b]anking services."

33.     Continental's use of the term "CFG" in commerce in connection with the sale, offering for sale, distribution or advertising of capital lending and ancillary services is likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers as to the origins of the services offered under this designation and/or as to the affiliation, connection or association of Continental with CFG in violation of 15 U.S.C. §1114.

34.     Continental's use of the term "CFG" in commerce in connection with the sale, offering for sale, distribution or advertising of capital lending and ancillary services constitutes federal trademark infringement of the CFG Marks, including at least U.S. Trademark Registration Nos. 3,983,195 and 4,102,791.

35.     As a result of Continental's infringement of at least U.S. Trademark Registration Nos. 3,983,195 and 4,102,791, CFG has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate CFG for Continental's infringement.

36.     Continental has committed these acts of infringement without license or authorization from CFG.

37.     To the extent that facts learned through discovery in this matter show that Continental's infringement of U.S. Trademark Registration Nos. 3,983,195 and

4,102,791 is or has been willful, CFG reserves the right to request such a finding at the time of trial.

38.  Unless and until enjoined by this Court, Continental's trademark infringement will continue unabated and continue to injure CFG, for which injuries CFG has no adequate remedy at law.

39.  As a result of Continental's actions, CFG is entitled to recover: (i) Continental's profits; (ii) the damages sustained by CFG, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Continental's conduct, CFG seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, CFG also seeks its reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### (Unfair Competition – 15 U.S.C. § 1125(a))

40.  CFG incorporates by reference each and every allegation set forth in the preceding paragraphs as if the same were fully set forth herein.

41.  The CFG Marks have become uniquely associated with CFG and CFG's capital lending and ancillary services, and the public identifies CFG as the source of services offered under the CFG Marks.

42.  Continental has marketed and continues to market and offer for sale its own capital lending and ancillary services under marks identical or substantially similar to the CFG Marks.  Continental's actions in doing so have enabled Continental to trade off of the goodwill and reputation that CFG has established in the CFG Marks over decades of continuous use of the CFG Marks.

43.  Continental's use of the term "CFG" in Continental's advertising in connection with the marketing, sale, offering for sale, distribution, and advertising of competing products and services relating to capital lending and ancillary services creates a false designation of origin, and constitute false or misleading representations of fact, and is likely to cause confusion, mistake, or to deceive as to

the affiliation, connection, or association of Continental with CFG, or as to the origin, sponsorship, or approval of Continental's goods, services, and commercial activities by CFG in violation of 15 U.S.C. § 1125(a)(1)(A).

44.     Such confusion, mistake and deception will irreparably harm CFG's reputation and goodwill.  CFG has no control over the quality or sale of Continental's goods or services.  Continental's reckless disregard of CFG's rights is contrary to the public interest and harmful to the reputation associated with CFG's goods and services.

45.     Continental's acts as described herein were committed knowingly, willfully, intentionally, and deliberately and without the authorization or approval of CFG, and CFG is thereby entitled to recover additional damages and reasonable attorneys' fees pursuant to 25 U.S.C. § 1117.

46.     Unless and until enjoined by this Court, Continental's unfair competition will continue unabated and continue to injure CFG, for which injuries CFG has no adequate remedy at law.

47.     As a result of Continental's actions, CFG is entitled to recover:  (i) Continental's profits; (ii) the damages sustained by CFG, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Continental's conduct, CFG seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, CFG also seeks its reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Capital Funding Group requests that the Court:

A.     Grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Continental and its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from directly or indirectly using or displaying any of the CFG Marks;

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

B.      Grant a Permanent Injunction pursuant to 15 U.S.C. § 1116, enjoining and restraining Continental and its agents, servants, affiliates, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through, or in active concert with any of them, from engaging in any conduct that is likely to cause confusion, deception, or mistake, or to injure CFG's business reputation or to dilute the distinctive quality associated with the CFG Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C.      Order, pursuant to 15 U.S.C. § 1118, that all products, labels, signs, prints, pamphlets, wrappers, receptacles, banners, advertisements, goods, printed pages, and counterfeits or colorable imitations of the CFG Marks in the possession of Continental or its agents, affiliates, servants, employees, sales representatives, distributors, subsidiaries, heirs, successors and assigns, shall be delivered up and destroyed and that all uses of any of the CFG Marks on any webpages or other ecommerce channels of commerce owned or controlled by Continental be taken down;

D.      Order Continental to account to and pay over to CFG all damages sustained by CFG by reason of said acts of trademark infringement and unfair competition complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b) as a result of Continental's willful violations of 15 U.S.C. § 1125(a);

E.      Award punitive and exemplary damages against Continental and in favor of CFG by reason of Continental's intentional, deliberate, fraudulent, malicious and willful conduct;

F.      Order Continental to pay to CFG the costs of this action, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a); and

/ / /

/ / /

/ / /

1   G.   Grant such other and further relief as the Court deems just in the
2   circumstances.

3

4                                   Respectfully submitted,

5   Dated:  September 6, 2016        LEECH TISHMAN FUSCALDO & LAMPL

6

7                                   By: _____
8                                       Jeffrey G. Sheldon
                                        Douglas H. Morseburg
9                                   Attorneys for Capital Funding Group, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

# **REQUEST FOR JURY TRIAL**

Capital Funding Group requests a trial by jury of all issues that are properly tried to a jury.

Dated:  September 6, 2016           LEECH TISHMAN FUSCALDO & LAMPL

By: _____
           Jeffrey G. Sheldon
           Douglas H. Morseburg
Attorneys for Capital Funding Group, Inc.

COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.